United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCES A.,[1]
Plaintiff,
v.
SSA COMMISSIONER,
Defendant.

Case No. 24-cv-02689-SI

**ORDER GRANTING PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

Re: Dkt. No. 20

Now before the Court is the petition by plaintiff's counsel Katherine Siegfried for $17,500 in attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 20. Plaintiff's counsel served a copy of this motion on plaintiff electronically and via U.S. Mail. Dkt. No. 20-2 (Siegfried Decl.) ¶¶ 9-10. The government filed a response taking no position on the fee request but confirming that the fees requested do not exceed 25% of the total of plaintiff's past-due benefits. Dkt. No. 21.

## BACKGROUND

Attorney Katherine Siegfried represented plaintiff before this Court on appeal of her application for Disability Insurance Benefits under Title II of the Social Security Act. Plaintiff filed a motion for summary judgment and the government then agreed to voluntarily remand the case for a new administrative decision under sentence four of 42 U.S.C. § 405(g). Dkt. Nos. 10, 16. Pursuant to the parties' stipulation, the Court remanded the case to the Social Security Administration. Dkt. No. 17. On December 20, 2024, pursuant to stipulation, the Court approved an award of $8,500.00

[1] The Court partially redacts plaintiff's name to mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

United States District Court
Northern District of California

in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 19.

Following remand, the Social Security Administration issued a Notice of Award and awarded plaintiff past-due benefits totaling $74,788.30. Dkt. No. 20-5 at 3. The Social Security Administration withheld $18,697.00 of the award, equal to 25 percent of the past-due benefits, to pay plaintiff's counsel. *Id.* at 4. Counsel now seeks $17,500.00 in attorney's fees. In support of the motion, plaintiff's counsel submitted the Notice of Award, the fee agreement with plaintiff, and a statement of attorney time expended, including counsel's non-contingent hourly rate of $500.00 and experience in administrative law.

**LEGAL STANDARD**

The Social Security Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. In making its determination, the Court should consider the character of the representation and the results achieved. *Id.* at 808. An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. *Id.* at 796.

**DISCUSSION**

Here, the Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds the fee agreement is within the statutory ceiling: the fee agreement between plaintiff and counsel provides that if plaintiff receives a favorable decision after an appeal from an unfavorable ALJ (administrative law judge) decision, plaintiff agrees to pay counsel a fee no greater than 25 percent of the past-due benefits awarded. Dkt. No. 20-4 at 1.

United States District Court
Northern District of California

The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The Court further finds that the work by plaintiff's counsel was not insubstantial; plaintiff's counsel was successful in having this matter remanded back to the Social Security Administration, which then awarded over $78,000 in past-due benefits as well as ongoing benefits. Plaintiff's counsel spent 37.5 hours on the matter, for an effective hourly rate of $466.67. Dkt. No. 20-3. Counsel seeks $17,500 in attorney's fees, which would result in plaintiff paying counsel a net fee of less than the statutory cap under Section 406(b). After review of the record, the Court finds that the requested attorney's fees are reasonable based on the quality of representation and the outcome achieved, and that the requested fees do not constitute a windfall. *See Gisbrecht*, 535 U.S. at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1151–52 (9th Cir. 2009).

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $17,500.00, payable to Katherine Siegfried. The Court ORDERS that the award of attorney's fees pursuant to Section 406(b) be paid out of plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney's fees under Section 406(a). Counsel Katherine Siegfried is ORDERED to reimburse plaintiff the $8,500.00 in EAJA fees to offset the payment of Section 406(b) fees.

**IT IS SO ORDERED**.

Dated: October 20, 2026

Susan Illston

SUSAN ILLSTON
United States District Judge